UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANCESSCA GEDEON, on behalf of herself,
individually, and on behalf of all others similarly-
situated,

                                Plaintiff,

                -against-

VALUCARE, INC.,

                                Defendant.
-------------------------------------------------------------X

**COMPLAINT** Docket

**No.: 19-cv-06954**

Jury Trial Demanded

     FRANCESSCA GEDEON ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against VALUCARE, INC. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

     1.    This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1); 12 NYCRR § 142-2.1; (v) the NYLL's requirement that employers pay timely wages to their employees in accordance with the agreed terms of employment, NYLL § 191(1)(d); (vi) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of

hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (vii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (viii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (ix) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (x) one of the anti-retaliation provisions of the NYLL, NYLL § 215; and (xi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff has worked for Defendant - - a Long Island and Brooklyn-based home healthcare staffing agency - - as a home health aide coordinator from September 28, 2014 to the present. As described below, throughout the entirety of her employment, Defendant has failed to pay Plaintiff all of the wages lawfully due to her under the FLSA and the NYLL. Specifically, Defendant schedules Plaintiff to work forty hours in a week, and further requires her to work at least two and sometimes three approximate sixteen-hour overnight on-call shifts per week, and sometimes an additional twenty-four-hour overnight on-call shift on Sundays, for an additional thirty-two to seventy-two hours of work per week. Yet Defendant has paid and pays Plaintiff at her regular hourly rate for most, but not all, of the hours that Plaintiff worked and works during her regularly scheduled shifts in a week, nothing for the rest of those hours, and only pays Plaintiff a flat rate of $40.00 for each sixteen-hour on-call shift, and from the beginning of her employment through approximately late-April 2019, a flat rate between $80.00 and $97.50 for each twenty-four-hour on-call shift that Plaintiff works, which increased to between $120.00 and $153.00 in or around early-May 2019. Thus, Defendant has failed to compensate Plaintiff at the statutorily-required overtime rate for all hours that she has worked and works in excess of forty in a week or at least at the statutorily-required minimum wage rate for all hours worked, in violation of the

FLSA and the NYLL, and has failed to pay Plaintiff all of her earned wages in a timely manner, in violation of the NYLL.

3.      Additionally, Defendant has violated the NYLL and the NYCRR by failing to: pay Plaintiff a spread of hours premium for each day that Plaintiff worked and works during which the spread of hours of her shift exceeded and exceeds ten; provide Plaintiff with accurate wage statements on each payday; or provide Plaintiff with any wage notice at the time of her hire, much less an accurate one.

4.      Defendant pays and treats all of its home health aide coordinators in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who has suffered damages as a result of Defendant's violations of the FLSA.  Plaintiff brings her claims under the NYLL and its supporting regulations as described to this point herein, on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6.      Additionally, after Plaintiff complained to Defendant that she could no longer work the Sunday twenty-four-hour on-call shifts for which she was only compensated a total between $80.00 and $97.50, which Defendant undoubtedly understood encompassed its failure to compensate Plaintiff at the statutorily-required overtime rate and minimum wage for all hours that Plaintiff worked, Defendant retaliated by suspending Plaintiff's employment for approximately one month without pay.  Accordingly, Plaintiff brings retaliation claims under the FLSA and the NYLL on behalf of herself only.

3

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district.

## PARTIES

9.     At all relevant times herein, Plaintiff has worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times herein, Defendant was and is a corporation organized and existing under the laws of the State of New York, which is registered with the New York State Department of State to receive service of process c/o Alex Villier, 550 Front Street, Hempstead, New York 11550, and which maintains its principal place of business at that same address.

11.     At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business has exceeded $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA as it employs two or more employees, and interacts with and receives payments from out-of-state insurance carriers, as well as from federal government health programs such as Medicaid, the combination of which subjects Defendant to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and minimum wages, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> All current or former employees, who during the applicable FLSA limitations period, worked for Defendant as home health aide coordinators, and who consent to file a claim to recover damages for unpaid overtime compensation and minimum wages, as well as liquidated damages that are legally due to them ("FLSA Plaintiffs").

13.     Defendant has treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were and are subject to the same laws and regulations; (3) were and are paid in the same or similar manner; (4) were and are required to work in excess of forty hours in a workweek; (5) were and are not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty; and/or (6) were and are not paid at least at the statutory minimum wage rate for all hours worked.

14.     At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and FLSA Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked, yet Defendant purposefully and willfully chose and chooses not to do so.  Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty,

and/or at least at the statutorily-required minimum wage rate for all hours worked, in violation of the FLSA.

## BACKGROUND FACTS

15.     Defendant is a New York corporation that operates a home healthcare staffing agency that provides in-home healthcare services to its clients, such as personal grooming, meal and errands preparation, house cleaning, general housekeeping, and other in-home services. Defendant has offices in Hempstead and Brooklyn.

16.     On September 28, 2014, Plaintiff commenced her employment with Defendant as a home health aide coordinator based in Defendant's Brooklyn location.  While Plaintiff has primarily worked at Defendant's Brooklyn location, she did and does periodically work at Defendant's Hempstead location too.

17.     Plaintiff remains employed with Defendant in that role as of the date of filing of this Complaint.

18.     As a home health aide coordinator, Plaintiff's primary duties consist of scheduling home health aides for Defendant's clients, as well as resolving scheduling conflicts and staffing issues to ensure that there is adequate care and supervision for Defendant's clients.

19.     Throughout her employment, Defendant has scheduled and required Plaintiff to work, and Plaintiff has in fact worked and continues to work, five days per week, Monday through Friday, beginning between 9:00 and 10:00 a.m. and ending between 5:00 and 6:00 p.m., for a total of approximately forty hours per week.  While Plaintiff is supposed to receive a thirty-minute uninterrupted break during each of these shifts, her break is frequently interrupted and occasionally Plaintiff does not receive any break at all.

20.     Additionally, Defendant has required and continues to require Plaintiff to work, and Plaintiff does work, overnight on-call shifts.  More specifically, each Thursday and Friday and sometimes a third day, Plaintiff is required to work, and does work, an on-call shift beginning at the conclusion of her regular shift, between 5:00 or 6:00 p.m. until 9:00 a.m. the following morning.  Moreover, from September 28, 2014 until on or about July 21, 2019, Defendant additionally required Plaintiff, every-other Sunday, to work a twenty-four-hour on-call shift from 9:00 a.m. Sunday morning until 9:00 a.m. Monday morning.  Thereafter, from on or about July 22, 2019 through the present, Defendant has required Plaintiff to work this twenty-four-hour Sunday on-call shift at least once per month, and sometimes more.

21.     During Plaintiff's on-call shifts, Plaintiff receives hourly emails on the company cell phone that Defendant assigned her from Defendant's home health exchange, which require Plaintiff to telephonically verify a home health aide's attendance with patients, manually enter the home health aide's time in and time out into the exchange system, as well as on the on-call log, and during the weekdays, submit the completed report by the conclusion of Plaintiff's on-call shift to various management personnel, or on the weekends, submit the report to the on-call Nurse and Manager on Duty at 9:30 a.m., 1:30 p.m., 4:30 p.m., and 8:30 p.m.  Indeed, during her on-call shifts Plaintiff is constantly working.

22.     Accordingly, Defendant typically requires Plaintiff to work, and Plaintiff does work, between approximately sixty-nine hours and thirty minutes and one hundred ten hours and thirty minutes per week, depending on how many on-call shifts Plaintiff is assigned during that week.

23.     In exchange for her work, throughout her employment, Defendant agreed to compensate Plaintiff at an hourly rate for the hours that Plaintiff works during her regularly

scheduled Monday through Friday shifts, which has periodically increased during Plaintiff's employment.  Specifically, Defendant has paid Plaintiff at regular rates between $15.00 and $18.50 per hour, the latter of which stands as her current regular rate.  However, while Defendant pays Plaintiff at her agreed-to hourly rate for most hours that Plaintiff works during her regular shifts, Defendant regularly deducts time that Plaintiff actually works from her weekly compensable time, including thirty minutes from each shift that Plaintiff works regardless of whether Plaintiff in fact receives a thirty-minute uninterrupted break during that shift, as well as other random amounts of time as it sees fit and at its whim.

24.     For Plaintiff's work during her mandatory on-call shifts, Defendant does not compensate Plaintiff at her hourly rate.  Rather, Defendant pays Plaintiff at a flat rate of $40.00 for each sixteen-hour weekday on-call shift, including those on Thursday night and Friday night, and from September 24, 2014 through approximately late-April 2019, a flat rate of between $80.00 and $97.50 for each twenty-four-hour Sunday on-call shift.  Then, beginning in or around early-May 2019 and continuing through the present, Defendant paid and pays Plaintiff a flat rate of between $120.00 and $153.00 for each twenty-four-hour Sunday on-call shift.

25.     Thus, throughout the entirety of Plaintiff's employment, Defendant has failed to pay Plaintiff at the rate of one and one-half times her regular hourly rate, which has spanned from $22.50 to $27.75, or even at the minimum wage rate or her regular rate, for any hours that Plaintiff has worked and works in excess of forty in a week, and has further failed and continues to fail to pay Plaintiff at her regular rate for all hours that she works up to forty in a week.

26.     By way of example only, during the week of July 10 through 16, 2017, Defendant required Plaintiff to work, and Plaintiff did in fact work, the following schedule, without being permitted to take an uninterrupted break during any of her shifts:

8

> Monday, July 10, 2017: 9:00 a.m. until 5:00 p.m.;
>
> Tuesday, July 11, 2017: 9:30 a.m. until 5:30 p.m. and on-call from 5:30 p.m. until
> 9:00 a.m. Wednesday morning;
>
> Wednesday, July 12, 2017: 9:30 a.m. until 5:30 p.m.;
>
> Thursday, July 13, 2017: 9:30 a.m. until 6:00 p.m. and on-call from 6:00 p.m. until
> 9:00 a.m. Friday morning;
>
> Friday, July 14, 2017: 9:30 a.m. until 6:00 p.m. and on-call from 6:00 p.m. until
> 9:00 a.m. Saturday morning;
>
> Saturday, July 15, 2017: off;
>
> Sunday, July 16, 2017: on-call from 9:00 a.m. until 9:00 a.m. Monday morning.

Accordingly, Plaintiff worked a total of 110.50 hours during this week.  In exchange for her work, Defendant paid Plaintiff a total of $672.65, comprised of $15.00 per hour for only the first 31.51 hours that Plaintiff worked during her regularly scheduled shifts, and $200.00 for Plaintiff's work during her on-call shifts.  Defendant thus failed to pay Plaintiff at any rate of pay, let alone at her regular hourly rate for the 8.49 hours that Plaintiff worked up to forty this week, and further failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times her regular rate, or $22.50, for all hours that Plaintiff worked over forty during this week.  Moreover, given the total amount of hours that Plaintiff worked this week, Defendant also paid Plaintiff at an effective rate of $6.09, which falls below the federal and New York minimum wage for all hours worked.

27.     By way of a second example only, during the week of February 25 through March 3, 2019, Defendant required Plaintiff to work, and Plaintiff did in fact work, the following schedule, without being permitted to take an uninterrupted break during any of her shifts:

> Monday, February 25, 2019: 9:50 a.m. until 5:10 p.m.;

9

Tuesday, February 26, 2019: 9:07 a.m. until 5:30 p.m.;

Wednesday, February 27, 2019: 9:45 a.m. until 5:10 p.m.;

Thursday, February 28, 2019: 10:00 a.m. until 5:35 p.m. and on-call from 5:35 p.m.

until 9:00 a.m. Friday morning;

Friday, March 1, 2019: 9:00 a.m. until 5:43 p.m. and on-call from 5:43 p.m. until

9:00 a.m. Saturday morning;

Saturday, March 2, 2019: off;

Sunday, March 3, 2019: on-call from 9:00 a.m. until 9:00 a.m. Monday morning.

Accordingly, Plaintiff worked a total of 94.13 hours during this week.  In exchange for her work, Defendant paid Plaintiff a total of $852.75, comprised of $18.50 per hour for only the first 36.50 hours that Plaintiff worked during her regularly scheduled shifts, and $177.50 for Plaintiff's work during her on-call shifts.  Defendant thus failed to pay Plaintiff at any rate of pay, let alone at her regular hourly rate for the 2.93 hours that Plaintiff worked up to forty hours this week, and further failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times her regular rate, or $27.75, for all hours that Plaintiff worked over forty during this week.  Moreover, given the total amount of hours that Plaintiff worked this week, Defendant also paid Plaintiff at an effective rate of $9.05, which fell below the New York minimum wage of $15.00 for all hours worked, as Defendant employed more than eleven employees during this and all times and Plaintiff worked in New York City.

28.     Furthermore, for those occasions when Defendant has required Plaintiff to work, and Plaintiff has worked, a shift that spans in excess of ten hours from beginning to end, which is virtually every Thursday and Friday and occasionally Sunday that Plaintiff has worked throughout

her employment, Defendant does not compensate Plaintiff with an additional one hour's pay at the minimum wage rate.

29.     Defendant pays Plaintiff on a weekly basis by check.

30.     Throughout Plaintiff's entire employment, on each occasion when Defendant pays Plaintiff, Defendant has failed to provide Plaintiff with a wage statement that accurately reflects, *inter alia*, the amount of hours that Plaintiff works each week, or her regular hourly rate of pay and her overtime rate of pay for all hours worked in excess of forty each week.

31.     Additionally, Defendant did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately listed, *inter alia*, Plaintiff's rate of pay and the basis thereof.

32.     Defendant has treated Plaintiff and FLSA Plaintiffs in the same manner described to this point herein.

33.     Defendant has acted in this manner to maximize its profits while minimizing its labor costs and overhead.

34.     Each hour that Plaintiff and FLSA Plaintiffs have worked and work was and is for Defendant's benefit.

35.     On February 27, 2019, Plaintiff notified various of Defendant's management personnel, including, among others, Reginald Villier, Administrator, Charles Defranco, Quality Director, Alex Villier, President, and Paula Smith-Morrison, Plaintiff's direct supervisor, by email, that beginning March 13, 2019, Plaintiff would no longer be able to work the twenty-four hour Sunday on-call shifts as she had to find a second job.  The following day, February 28, 2019, Reginald Villier responded to Plaintiff's email informing her that Defendant could not accommodate Plaintiff's request and she must therefore continue to work that shift.  Later that

same day, still on February 28, 2019, Plaintiff sent another email elaborating that she needed this second position to supplement her income.

36.     Thereafter, notwithstanding Plaintiff's complaint, Defendant scheduled Plaintiff to work a twenty-four-hour on-call shift on Sunday, March 17, 2019.  On March 15, 2019, Plaintiff met with Paula Smith-Morrison to address being scheduled for the March 17th on-call shift. During that meeting, Plaintiff complained that she could not continue working these on-call shifts for a mere flat rate of between $80.00 and $97.50, which was obviously below minimum wage and did not include overtime pay.  Following this meeting, still on March 15, 2019, Plaintiff again emailed the individuals named in the prior paragraph, imploring them to reconsider her request because it was grossly unfair for Defendant to force Plaintiff to choose between working these twenty-four-hour on-call shifts and supplementing her unlawful income through other employment.   Paula Smith-Morrison responded to Plaintiff's email by simply stating: "[u]nfortunately, the request that was handed in was not accepted."

37.     Subsequently, on March 18, 2019, mere days after Plaintiff's complaints, Defendant, through Paula Smith-Morrison, Charles Defranco, and Alex Villier, retaliated by suspending Plaintiff without pay from March 20, 2019 through April 21, 2019.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the FLSA*

38.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

40.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

41.     As also described above, Plaintiff and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendant has failed to compensate them in accordance with the FLSA's overtime provisions.

42.     Defendant has willfully violated the FLSA.

43.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

44.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCRR*

45.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

48.     As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, have worked in excess of forty hours in a workweek, yet Defendant has failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

49.     Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50.     Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages under the FLSA*

51.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

53.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

54.     As also described above, Defendant has failed to compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate required by the FLSA for all hours worked.

55.     Defendant has willfully violated the FLSA.

56.     At the least, Plaintiff and FLSA Plaintiffs are entitled to pay at the minimum wage rate required by the FLSA for all hours worked.

57.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Minimum Wages under the NYLL and the NYCRR*

58.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

60.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

61.     As also described above, Defendant has failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

62.     At the least, Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to pay at the minimum wage rate required by the NYLL and the NYCRR for all hours worked.

63.     Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Pay Timely Wages in Violation of the NYLL*

64.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15

65.     NYLL § 191(1)(d) requires that employers pay wages to their employees in accordance with the agreed terms of employment.

66.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

67.     As also described above, Defendant has failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action, at their regular rates of pay and in a timely manner for each hour that they worked in accordance with their terms of employment.

68.     At the least, Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to recover, at their regular rates of pay, for all hours that they have worked for Defendant but for which they have not been compensated.

69.     Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay them their wages in accordance with the agreed terms of employment.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

70.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

72.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

73.     As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, have worked days where their spread of hours has exceeded ten, yet Defendant has failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

74.     Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they have worked in which their spread of hours exceeded ten.

75.     Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's spread-of-hours provisions.

<b><u>SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT</u></b>
<i>Failure to Furnish Proper Wage Statements in Violation of the NYLL</i>

76.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

78.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

79.     As also described above, Defendant has failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with wage statements on each payday that accurately contain all of the criteria that the NYLL requires.

80.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

81.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Notice in Violation of the NYLL*

82.     Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

84.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

85.     As also described above, Defendant failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone a wage notice that accurately contained all of the criteria that the NYLL requires.

86.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

87.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Retaliation Under the FLSA with respect to Plaintiff only*

88.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

89.     29 U.S.C. § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter, or has testified or is about to testify in any such proceeding."

90.     As described above, after Plaintiff engaged in activity protected under the FLSA, Defendant retaliated by suspending Plaintiff's employment for approximately one month without pay.

91.     As a result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff is entitled to compensatory damages in the form of back pay, and any other lost benefits of employment, as well as emotional distress damages, liquidated damages, punitive damages, and all other appropriate forms of relief, including reasonable attorneys' fees.

## TENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Retaliation Under the NYLL with respect to Plaintiff only*

92.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

19

93.     NYLL § 215(1)(a) provides that "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against an employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

94.     As described above, after Plaintiff engaged in activity protected under the NYLL, Defendant retaliated by suspending Plaintiff's employment for approximately one month without pay.

95.     As a result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff is entitled to compensatory damages in the form of back pay, and any other lost benefits of employment, as well as emotional distress damages, liquidated damages, punitive damages, interest, and all other appropriate forms of relief, including reasonable attorneys' fees.

96.     Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

97.     Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

20

b.   Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendant from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

f.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.   All damages that Plaintiff sustained as a result of Defendant's retaliatory actions, including compensation for lost wages, benefits, and all other remuneration, whether back pay or front pay, whether legal or equitable in nature, emotional distress damages, and punitive damages;

h.   Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs and expenses, and an award of a service payment to Plaintiff;

i.   Designation of Plaintiff and her counsel as collective action representatives under

the FLSA;

j.   Pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds

necessary and proper.

Dated:  Garden City, New York
        December 11, 2019

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        910 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027

                        By:     _____
                                        DANIELLE E. MIETUS (DM 4136)
                                        ALEXANDER T. COLEMAN (AC 8151)
                                        MICHAEL J. BORRELLI (MB 8533)