UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANCESSCA GEDEON, on behalf of herself, individually, and on behalf of all other similarly situated,

Plaintiff,

– against –

VALUCARE, INC.

Defendant.

Case No.: 19-CV-6954 (JS) (AKT)

ANSWER

Jury Trial Demanded

---

Defendant, **VALUECARE, INC.**, ("Defendant"), by and through its attorneys, **ZABELL & COLLOTTA, P.C.**, submit the following Answer to the allegations contained in the Complaint filed by Plaintiff, **FRANCESSCA GEDEON** ("Plaintiff"), as follows:

## NATURE OF THE ACTION

1. Defendant denies the allegations contained in Paragraph "1" of the Complaint to the extent no violation of law occurred.

2. Defendant denies the allegations contained in Paragraph "2" of the Complaint to the extent no violation of law occurred.

3. Defendant denies the allegations contained in Paragraph "3" of the Complaint to the extent no violation of law occurred.

4. Defendant denies the allegations contained in Paragraph "4" of the Complaint.

5. Defendant denies the allegations contained in Paragraph "5" of the Complaint to the extent no violation of law occurred.

6. Defendant denies the allegations contained in Paragraph "6" of the Complaint.

## JURISDICTION AND VENUE

7.  Defendant denies the allegations contained in Paragraph "7" of the Complaint to the extent no violation of law occurred.

8.  Defendant admits the allegations contained in Paragraph "8" of the Complaint but avers no violation of law occurred.

## PARTIES

9.  Defendant admits the allegations contained in Paragraph "9" of the Complaint.

10. Defendant admits the allegations contained in Paragraph "10" of the Complaint.

11. Defendant admits the allegations contained in Paragraph "11" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

12. Defendant denies the allegations contained in Paragraph "12" of the Complaint to the extent no violation of law occurred.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint to the extent no violation of law occurred.

14. Defendant denies the allegations contained in Paragraph "14" of the Complaint.

## BACKGROUND FACTS

15. Defendant admits the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant admits the allegations contained in Paragraph "17" of the Complaint.

18. Defendant admits the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

2

21. Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in Paragraph "23" of the Complaint.

24. Defendant denies the allegations contained in Paragraph "24" of the Complaint.

25. Defendant denies the allegations contained in Paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint to the extent no violation of law occurred.

29. Defendant admits the allegations contained in Paragraph "29" of the Complaint.

30. Defendant denies the allegations contained in Paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in Paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in Paragraph "32" of the Complaint to the extent no violation of law occurred.

33. Defendant denies the allegations contained in Paragraph "33" of the Complaint.

34. Defendant denies the allegations contained in Paragraph "34" of the Complaint.

35. Defendant denies the allegations contained in Paragraph "35" of the Complaint.

36. Defendant denies the allegations contained in Paragraph "36" of the Complaint.

37. Defendant denies the allegations contained in Paragraph "37" of the Complaint.

### FIRST CLAIM FOR RELIEF
### Unpaid Overtime under the FLSA

38. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

3

39. The allegations contained in Paragraph "39" of the Complaint form a legal conclusion to which no response is required.

40. The allegations contained in Paragraph "40" of the Complaint form a legal conclusion to which no response is required.

41. Defendant denies the allegations contained in Paragraph "41" of the Complaint.

42. Defendant denies the allegations contained in Paragraph "42" of the Complaint.

43. Defendant denies the allegations contained in Paragraph "43" of the Complaint.

44. Defendant denies the allegations contained in Paragraph "44" of the Complaint.

## SECOND CLAIM FOR RELIEF
### Unpaid Overtime under the NYLL and the NYCRR

45. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

46. The allegations contained in Paragraph "46" of the Complaint form a legal conclusion to which no response is required.

47. The allegations contained in Paragraph "47" of the Complaint form a legal conclusion to which no response is required.

48. Defendant denies the allegations contained in Paragraph "48" of the Complaint.

49. Defendant denies the allegations contained in Paragraph "49" of the Complaint.

50. Defendant denies the allegations contained in Paragraph "50" of the Complaint.

## THIRD CLAIM FOR RELIEF
### Unpaid Minimum Wages under the FLSA

51. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

4

52. The allegations contained in Paragraph "52" of the Complaint form a legal conclusion to which no response is required.

53. The allegations contained in Paragraph "53" of the Complaint form a legal conclusion to which no response is required.

54. Defendant denies the allegations contained in Paragraph "54" of the Complaint.

55. Defendant denies the allegations contained in Paragraph "55" of the Complaint.

56. Defendant denies the allegations contained in Paragraph "56" of the Complaint.

57. Defendant denies the allegations contained in Paragraph "57" of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Unpaid Minimum Wages under the NYLL and the NYCRR

58. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

59. The allegations contained in Paragraph "59" of the Complaint form a legal conclusion to which no response is required.

60. The allegations contained in Paragraph "60" of the Complaint form a legal conclusion to which no response is required.

61. Defendant denies the allegations contained in Paragraph "61" of the Complaint.

62. Defendant denies the allegations contained in Paragraph "62" of the Complaint.

63. Defendant denies the allegations contained in Paragraph "63" of the Complaint.

## FIFTH CLAIM FOR RELIEF
### Failure to Pay Timely Wages in Violation of the NYLL

64. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

65. The allegations contained in Paragraph "65" of the Complaint form a legal conclusion to which no response is required.

66. The allegations contained in Paragraph "66" of the Complaint form a legal conclusion to which no response is required.

67. Defendant denies the allegations contained in Paragraph "67" of the Complaint.

68. Defendant denies the allegations contained in Paragraph "68" of the Complaint.

69. Defendant denies the allegations contained in Paragraph "69" of the Complaint.

## SIXTH CLAIM FOR RELIEF
### Violation of the NYLL's and the NYCRR's Spread of Hours Requirement

70. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

71. Defendant denies the allegations contained in Paragraph "71" of the Complaint.

72. The allegations contained in Paragraph "72" of the Complaint form a legal conclusion to which no response is required.

73. Defendant denies the allegations contained in Paragraph "73" of the Complaint.

74. Defendant denies the allegations contained in Paragraph "74" of the Complaint.

75. Defendant denies the allegations contained in Paragraph "75" of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### Failure to Furnish Proper Wage Statements in Violation of the NYLL

76. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

77. The allegations contained in Paragraph "77" of the Complaint form a legal conclusion to which no response is required.

78. The allegations contained in Paragraph "78" of the Complaint form a legal conclusion to which no response is required.

79. Defendant denies the allegations contained in Paragraph "79" of the Complaint.

80. Defendant denies the allegations contained in Paragraph "80" of the Complaint.

81. Defendant denies the allegations contained in Paragraph "81" of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### Failure to Furnish Proper Wage Notice in Violation of the NYLL

82. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

83. The allegations contained in Paragraph "83" of the Complaint form a legal conclusion to which no response is required.

84. The allegations contained in Paragraph "84" of the Complaint form a legal conclusion to which no response is required.

85. Defendant denies the allegations contained in Paragraph "85" of the Complaint.

86. Defendant denies the allegations contained in Paragraph "86" of the Complaint.

87. Defendant denies the allegations contained in Paragraph "87" of the Complaint.

## NINTH CLAIM FOR RELIEF
### Retaliation Under the FLSA with respect to Plaintiff only

88. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

89. The allegations contained in Paragraph "89" of the Complaint form a legal conclusion to which no response is required.

90. Defendant denies the allegations contained in Paragraph "90" of the Complaint.

91. Defendant denies the allegations contained in Paragraph "91" of the Complaint.

**TENTH CLAIM FOR RELIEF**
**Retaliation Under the FLSA with respect to Plaintiff only**

92. Defendant repeats, reiterates and realleges each and every response previously set forth herein.

93. The allegations contained in Paragraph "93" of the Complaint form a legal conclusion to which no response is required.

94. Defendant denies the allegations contained in Paragraph "94" of the Complaint.

95. Defendant denies the allegations contained in Paragraph "95" of the Complaint.

96. Defendant denies information and knowledge necessary so as to form a belief as to the allegations contained in Paragraph "96" of the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted in good faith to comply with the FLSA and New York Labor Law with reasonable grounds to believe its actions did not violate the statutes and regulations cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate such laws as defense to any claim by Plaintiff

8

for liquidated damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that their work falls within the exemptions, exclusions, exceptions, or credits provided under the FLSA or New York Labor Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA or New York Labor Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees in this case under the FLSA and/or New York Labor Law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was fully compensated for all time that she was suffered or permitted to work.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover wages for any hours worked which were not reported in accordance with any applicable policies or procedures.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because it seeks to recover for time which is *de minimis* work time and thus not compensable under applicable law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant was not required to provide any notice pursuant to NYLL § 195 to any Plaintiff or purported member of the collective action claims if they commenced or concluded employment with Defendants prior to the enactment of such requirement.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was not provided a complete adequate notice required by NYLL § 195, their claims are barred because Defendants made complete and timely payment of all wages under the NYLL.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was provided all wage statements as required by NYLL § 195, and even if Plaintiff was not provided complete or adequate statements required by that section, Plaintiff's claim is barred because Defendants made complete and timely payments of all wages under NYLL.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover liquidated damages under both the Fair Labor Standards Act ("FLSA") and the NYLL simultaneously.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any and all monies to which Plaintiff is entitled have been paid.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not representative of a potential class or collective.

10

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in a protected activity.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff engaged in a protected activity, she was not subject to any act of retaliation.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

All disciplinary action taken against Plaintiff was undertaken for legitimate business reasons.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for spread of hours pay is barred because Plaintiff was compensated at a rate higher than the minimum wage rate.

In addition to the foregoing defenses, Defendant reserves the right to amend its answer to raise any and all other additional affirmative or other defenses that may become evident during discovery or otherwise, or to pursue any available counter claims against Plaintiff.

11

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant, **VALUCARE, INC.**, hereby demands judgment dismissing the Complaint in its entirety, together with the cost and disbursements of this action, including attorneys' fees, and for such further relief as this court may deem just, equitable, and proper.

Defendant expressly reserves the right to amend its Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

Dated: February 18, 2020
Bohemia, New York

ZABELL & COLLOTTA, P.C.
*Attorneys for Defendant*

By: _____

Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax. (631) 563-7475
SZabell@laborlawsny.com
REden@laborlawsny.com

12