UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESSCA GEDEON, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff,

– against –

VALUCARE, INC.,

Defendant.

Case No.: 19-cv-06954 (JS) (AKT)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

ZABELL & COLLOTTA, P.C.
One Corporate Drive, Suite 103
Bohemia, New York 11716
T: (631) 589-7242
F: (631) 536-7475

## Table of Contents

Table of Authorities ........ ii
I. PRELIMINARY STATEMENT ........ 1
II. FACTUAL BACKGROUND ........ 1
III. ARGUMENT ........ 2
A. Plaintiff has Failed to Demonstrate she and Potential Opt-In Plaintiffs are "Similarly Situated" ........ 2
B. The Notice Period Should be Limited to Three Years ........ 5
C. Dissemination by E-mail and Text Message is Inappropriate ........ 7
D. The Parties should be Required to Meet and Confer upon the Proposed Notice and Consent Forms ........ 9
E. The Statute of Limitations Should not be Tolled ........ 9
IV. CONCLUSION ........ 11

# Table of Authorities

**Federal Cases**

*Bhumithanarn v. 22 Noodle Mkt. Corp.*,
No. 14-cv-3624 (RJS), 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015) .................. 8

*Bifulco v. Mortgage Zone, Inc.*,
262 F.R.D. 209 (E.D.N.Y. 2009) ........................................................................ 3

*Chime v. Peak Sec. Plus, Inc.*,
137 F. Supp. 3d 183 (E.D.N.Y. 2015) ................................................................ 10

*Cohan v. Columbia Sussex Mgmt., L.L.C.*,
No. CV 12-3203 (JS) (AKT), 2013 U.S. Dist. LEXIS 187539 (E.D.N.Y. Sept. 19, 2013) ..... 3

*Garriga v. Blonder Builders Inc.*,
No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. Sept. 28, 2018) ... 3

*Gaspar v. Personal Touch Moving, Inc.*,
No. 13-CV-8187, 2014 WL 4593944 (S.D.N.Y. Sept. 15, 2014) ........................................ 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F. Supp. 2d 101 (S.D.N.Y. 2003) ................................................................... 3

*Glatt v. Fox Searchlight Pictures, Inc.*,
811 F.3d 528 (2d Cir. 2015) ............................................................................... 3

*Hanming Feng v. Soy Sauce L.L.C.*,
No. 15 CV 3058 (ENV)(LB), 2016 WL 1070813 (E.D.N.Y. Mar. 14, 2016) ....................... 10

*Hosking v. New World Mortg., Inc.*,
602 F. Supp. 2d 441 (E.D.N.Y. 2009) ................................................................... 9

*McBeth v. Gabrielli Truck Sales, Ltd.*,
768 F. Supp. 2d 396 (E.D.N.Y. 2011) ............................................................ 5-6, 6

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988) ........................................................................................... 5

Mohamed v. Sophie's Cuban Cuisine, Inc., No. 14-cv-3099 (TPG), 2015 U.S. Dist. LEXIS
126012 (S.D.N.Y. Sep. 21, 2015) ........................................................................... 7

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) ............................................................................. 3, 4

*Prizmic v. Armour, Inc.*,
No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614 (E.D.N.Y. June 12, 2006) .................... 4

*Qing Gu v. T.C. Chikurin, Inc.*,
No. CV 2013-2322 (SJ)(MDG), 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) ..................... 4

*Summa v. Hofstra Univ.*,
No. CV 07-3307 (DRH)(ARL), 2008 WL 3852160 (E.D.N.Y. Aug. 14, 2008) ..................... 5

*Thornburn v. Door Pro Am., Inc.*,
No. CV 16-3839 (DRH) (AKT), 2018 U.S. Dist. LEXIS 46164 (E.D.N.Y. Mar. 20, 2018) ... 6

**Federal Statutes**

29 U.S.C. § 216 .......................................................... 3, 9, 11

29 U.S.C. § 255 .......................................................... 5

**Rules**

Fed. R. Civ. P. 23 .......................................................... 6

## I. PRELIMINARY STATEMENT

Defendant, ValuCare, Inc., respectfully submits the foregoing Memorandum of Law in opposition to Plaintiff's motion for conditional collective certification pursuant to 29 U.S.C. § 216(b). For the foregoing reasons, Plaintiff's application should be denied in its entirety.

## II. FACTUAL BACKGROUND

ValuCare, Inc. provides in-home health care services to elderly and disabled individuals. *See* Villier Aff. ¶ 2. To support the services it provides, ValuCare, Inc. employs or contracts with registered nurses, home health care aides, and home health care aide coordinators. *See* Villier Aff. ¶ 3. The role of a home health care aide coordinator involves recruiting, evaluating, interviewing, hiring and supervising home health care aides. *See* Villier Aff. ¶ 4.

Plaintiff began working for Defendant as a home health care aide coordinator in October of 2014. *See* Villier Aff. ¶ 5. During her employment, Plaintiff worked a regular weekly schedule and has also been scheduled for on-call shifts. *See* Villier Aff. ¶ 6, 8. Plaintiff was regularly scheduled to work from 9:00 a.m. to 5:00 p.m. Monday through Friday. *See* Villier Aff. ¶ 6. Plaintiff also received an unpaid meal break of not less than thirty (30) minutes and up to forty-five (45) minutes each day. *See* Villier Aff. ¶ 6. Despite her regular schedule, Plaintiff was regularly late to work resulting in adjustments to the number of hours that she worked. *See* Villier Aff. ¶ 7. For example, if Plaintiff arrived at work at 10:00 a.m. instead of her 9:00 a.m. start time, she would remain at work beyond her normally scheduled hours. *See* Villier Aff. ¶ 7.

Plaintiff was not authorized to arrive late or work beyond her regularly scheduled shift. *See* Villier Aff. ¶ 7. In fact, Plaintiff received warnings for both arriving late and working past 5:00 p.m. without authorization. *See* Villier Aff. ¶ 7.

In addition to her regular schedule, Plaintiff was asked to perform limited on-call duties, for which she receives compensation. *See* Villier Aff. ¶ 8. The limited on-call duties required Plaintiff to be the point of contact for home health care aides to report scheduling conflicts, an inability to attend work, or to report patient issues. However, during this time Plaintiff was not required to be in the office and was not restrained from engaging in personal activities of her choosing. Plaintiff was compensated for each on-call shift to which she was scheduled. Most recently, Plaintiff received $45.00 for each on-call shift she was scheduled occurring between Monday and Friday and $148.00 for each on-call shift she was scheduled falling on a Saturday or Sunday. *See* Villier Aff. ¶ 9. Plaintiff's on-call rates are based upon the assumption that she worked her regular weekly schedule and are paid in addition to the full-time schedule worked each week. *See* Villier Aff. ¶ 8. Throughout her employment Plaintiff was scheduled one (1) or two (2) on call shifts per week.

## III. ARGUMENT

### A. Plaintiff has Failed to Demonstrate she and Potential Opt-In Plaintiffs are "Similarly Situated"

The FLSA provides, in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated

> damages. . . . An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2018). 29 U.S.C. § 216(b) (2018) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.; Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (citations omitted); *Cohan v. Columbia Sussex Mgmt., L.L.C.*, No. CV 12-3203 (JS) (AKT), 2013 U.S. Dist. LEXIS 187539, at *4-6 (E.D.N.Y. Sept. 19, 2013).

At the conditional certification stage, Plaintiff bears the burden of demonstrating that she is "similarly situated" to the other employees they desire to represent, meaning that all individuals "were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citation omitted); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2015). "In making this showing, nothing more than substantial allegations that the putative class members were together the victims of a <u>single decision, policy or plan</u> is required." *Garriga v. Blonder Builders Inc.*, No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887, at *7 (E.D.N.Y. Sept. 28, 2018); quoting *Sexton v. Franklin First Fin., Ltd.*, No. No 08-CV-04950 (JFB) (ARL), 2009 U.S. Dist. LEXIS 50526 at *3 (E.D.N.Y. June 16, 2009) (internal quotation marks omitted) (emphasis added).

Although courts have found that a plaintiff need only make a "modest factual

showing" at this stage, a plaintiff's burden is "not non-existent." *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012). Critically, a plaintiff cannot rely on "unsupported assertions" regarding the existence of an alleged common policy or plan. *Myers*, 624 F.3d at 555. Instead, the plaintiff must present "actual evidence of a factual nexus between his situation and those that he claims are similarly situated." *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006); *see Qing Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322 (SJ)(MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014).

Even under this less stringent standard, Plaintiff fails to provide actual evidence sufficient to demonstrate she and potential opt-in plaintiffs are "similarly situated" or "together were victims of a common policy or plan". The only evidence presented in support of Plaintiff's application is her self-serving Declaration. The document is replete with factual inaccuracies and inadmissible hearsay that are rebutted by documentary evidence.

Plaintiff's motion fails because her attestation to Defendant's purported common policy of paying home health aide coordinators is not accurate. Specifically, Plaintiff asserts "Defendants did not and does not pay me at the overtime rate of one and one-half times my straight time rate for any of the hours that I worked or work in excess of forty in a week." *See* Gedeon Declaration ¶ 11. This is not true. Plaintiff's compensation was structured as follows: Plaintiff was paid an hourly rate for hours worked in connection with her regularly scheduled shift from 9:00 a.m. to 5:00 p.m. If Plaintiff worked more than forty (40) hours during her regularly scheduled hours, she was compensated at one and a half times her regular rate of pay. For instance, on September 11, 2017, Plaintiff was issued a check for forty (40) hours at her regular

rate of pay – $18.50 per hour – and forty-five (45) minutes at her overtime rate of pay – $27.75. Additionally, Plaintiff received an additional $177.50 for the work she performed while she was on-call. Accordingly, Defendant appropriately compensated Plaintiff for all hours worked during her regularly scheduled shift and also issued her substantial compensation for work performed, if any, during her on-call shifts. Therefore, Plaintiff's assertion that Defendant failed to pay Plaintiff, and her alleged similarly situated co-workers, at an overtime rate of one and one-half times her straight time rate of pay for hours worked in excess of forty (40) hours in a week is untrue.

Plaintiff fails to make even a modest factual showing that she and the proposed collective are "similarly situated" in that they were "victims of a common policy or plan." Plaintiff herself was not a victim as it is evident, she was paid overtime compensation when applicable. As such, Plaintiff's motion for conditional collective action certification must be denied.

**B. The Notice Period Should be Limited to Three Years**

Plaintiff improperly seeks to disseminate notice to a proposed collective comprising of any employee who has worked from December 11, 2013 to the present. The statute of limitations for an FLSA claim is two (2) years, or three (3) years if and only if the plaintiff establishes a "willful" violation of the statute. *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). Plaintiff's request to send Court-authorized notice to employees whose potential FLSA claims have long since been extinguished is plainly improper. *See Summa v. Hofstra Univ.*, No. CV 07-3307 (DRH)(ARL), 2008 WL 3852160, at *7 (E.D.N.Y. Aug. 14, 2008) (Lindsay, J.)

(holding that a three-year notice period "is appropriate"); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) ("the growing trend in this district appears to be limiting the notice period to three years."); *Lujan v. Cabana Mgmt.*, No. 10-CV-755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011). Similarly, there exists no reason to permit Plaintiffs to obtain information for employees going back six years without first requiring them to prove the more stringent standard of class certification under Fed. R. Civ. P. 23 and the NYLL.The only claims Plaintiff brings that are subject to a six (6) year statute of limitations are those arising under the NYLL. Importantly, Plaintiff evidences no intention to seek certification of a class action of Plaintiff's NYLL claims pursuant to Fed. R. Civ. P. 23.

Courts in this circuit have held that in such circumstances a three (3) year notice period is appropriate. *Thornburn v. Door Pro Am., Inc.*, No. CV 16-3839 (DRH) (AKT), 2018 U.S. Dist. LEXIS 46164, at *34 (E.D.N.Y. Mar. 20, 2018); *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014). (rejecting plaintiff's argument that a six-year limitations period should apply and finding that when willful violations of the FLSA are alleged, "a three-year limitations is appropriate").

Plaintiff fails to offer justification as to why the proposed collective should be enlarged to include individuals that would be otherwise unable to assert claims under the FLSA's extended three-year statute of limitations period. Accordingly, any presumptive Order of conditional collective action certification should be limited to a

three-year period.

### C. Dissemination by E-mail and Text Message is Inappropriate

Should this Court grant Plaintiff's Motion for Conditional Class Certification – which Defendant maintains it should not – it must restrict the methods of dissemination requested by Plaintiff. Defendant does not dispute that in cases where collective action certification has been granted the dissemination of names and physical addresses is appropriate. Furthermore, we recognize that a requirement to post the Notice of Pendency is generally an accepted practice. However, Plaintiff's request to disseminate the Notice and Consent forms by text message and e-mail exceeds the reasonable bounds of this litigation, impinges upon privacy concerns and raises concerns of attorney solicitation.

Distribution of Notice and Consent forms by e-mail or text message is the exception, not the rule. There have been very limited circumstances in which Courts in this district have permitted distribution by such methods. In fact, Courts generally restrict the production of telephone numbers and e-mail addresses barring exceptional circumstances. Privacy concerns have precluded courts from ordering the disclosure of certain personal information, including telephone numbers and social security numbers, absent a showing that a large number of the initial mailings have been returned as undeliverable. *Mohamed v. Sophie's Cuban Cuisine, Inc.*, No. 14-cv-3099 (TPG), 2015 U.S. Dist. LEXIS 126012, at *14 (S.D.N.Y. Sep. 21, 2015) (*citing Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009). Further, while dissemination by text message and/or e-mail has been permitted in a limited number

of cases, those matters are easily distinguished from the circumstances herein.

For example, in *Bhumithanarn v. 22 Noodle Mkt. Corp.*, the Court permitted distribution by text message because "the evidence before the Court suggests that text messaging is Defendants' preferred method of employee communication." *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-3624 (RJS), 2015 U.S. Dist. LEXIS 90616, at *12 (S.D.N.Y. July 13, 2015). Further, the Court's reasoning based upon the "high turnover characteristic of the restaurant industry." Similarly, the Court's ruling in *Guzman v. Bullfrog Pest Mgmt., Inc.*, was based upon the plaintiffs' assertion "that the primary method of communication between employees and the main office was through cellular phones, either via text message or e-mail." *Guzman v. Bullfrog Pest Mgmt., Inc.*, 2:16-cv-02089 (DRH) (ARL), ECF No. 24 (E.D.N.Y. May 5, 2017).

The circumstances herein do not mirror either case upon which Plaintiff relies. First, Defendant's business does not share the high turnover characteristic of the restaurant industry. Second, Plaintiff fails to provide evidence suggesting that Defendant's preferred method of communicating with employees is by text message or e-mail. In fact, Plaintiff fails to allege that Defendant's preferred to communicate with employees by text message or e-mail. As such, there can be no common circumstances between this matter and the cases relied upon by Plaintiff.

Based upon the foregoing, there is no legitimate basis by which to permit Plaintiff's counsel to disseminate the proposed notices *via* text message or e-mail. Therefore, Plaintiff's request should be denied. Furthermore, Defendant should not

be required to provide Plaintiff with the telephone numbers and/or e-mail addresses of its employees.

**D. The Parties should be Required to Meet and Confer upon the Proposed Notice and Consent Forms**

In the event this Court sees fit to grant Plaintiff's motion for collective action certification, it should not permit Plaintiff to distribute the Notice and Consent forms until after the Parties have an opportunity to meet and confer regarding the language contained therein. It is customary for the Parties to meet and confer regarding such issues. There are already certain issues apparent with Plaintiff's proposed Notice and Consent forms. For instance, there is no mention that Defendant is represented by counsel in defense of the pending claims. Accordingly, Defendant's counsel is not identified. Meanwhile, the proposed Notices, particularly the proposed Electronic Notices, provide for an unidentified URL address and constitute direct and live communications with the proposed collective. Therefore, should this Court Plaintiff's motion in whole or in part, the Parties must first meet and confer concerning the language contained in the Notice and Consent forms prior to their distribution.

**E. The Statute of Limitations Should not be Tolled**

Under the FLSA, the statute of limitations continues running as to each individual putative collective member until they *actually file* a consent to join the action with the Court. *See* 29 U.S.C. § 216(b); *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) ("the limitations period continues to run until individual plaintiffs 'opt-in' to the case"). Therefore, the notice date should be calculated as of this Court's order granting or denying the motion for certification,

*not* the date of the initial filing of the Complaint. *See Hanming Feng v. Soy Sauce L.L.C.*, No. 15 CV 3058 (ENV)(LB), 2016 WL 1070813, at *5 (E.D.N.Y. Mar. 14, 2016) ("Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice"); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 213 (E.D.N.Y. 2015). Accordingly, should the Court see fit to grant Plaintiffs' motion for collective action certification, the statute of limitations must only be tolled to the date of the Court's decision and order.

## IV. CONCLUSION

Plaintiff fails to demonstrate that she, or any one of the members of her proposed collective, were victim of a common policy or plan under which they were denied overtime wages. To the contrary, the evidentiary record proves Plaintiff was paid overtime for hours worked in excess of forty (40) in a single workweek. Therefore, Defendant respectfully requests Plaintiffs' motion for conditional collective certification pursuant to 29 U.S.C. § 216(b) be denied in its entirety.

Dated: April 24, 2020
Bohemia, New York

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

By: ______________________

Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
Zabell & Collotta, P.C.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
SZabell@laborlawsny.com
REden@laborlawsny.com