| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON           DATE:   7-9-2020
          U.S. MAGISTRATE JUDGE           TIME:   11:03 a.m. (22 minutes)

*Gedeon v. Valucare, Inc.*
**CV 19-6954 (JS) (AKT)**

TYPE OF CONFERENCE:            **DISCOVERY STATUS CONFERENCE by telephone**

APPEARANCES:   Plaintiff       Danielle Mietus

               Defendant       Ryan Eden

FTR through teleconference number:  11:03-11:25

THE FOLLOWING RULINGS WERE MADE:

1. Prior to today's conference, both sides submitted Discovery Status Reports which raised a number of issues pertaining to the status of written discovery.  DE 32 and 33.

2. In response to Plaintiff's requests for documents identified as Nos. 1, 3-6, Defendant's counsel indicated he had difficulty accessing responsive records due to COVID-19. Defendant's counsel has not yet produced these documents and is directed to do so within 21 days.

3. To the extent that any of Plaintiff's requests for documents or interrogatories seek information pertaining to the identification of potential FLSA collective members, for the reasons stated on the record, the Court is not requiring Defendant to produce such information until Plaintiff's pending motion for conditional certification is resolved.

4. Defendant served document requests which asked Plaintiff to produce ATM records, banking records, social media account information, and cell phone records dating back to October 2014.  Plaintiff objected to these demands.  The Court addressed each of these requests and ruled as follows:

    - ATM records, banking records, and social media account information:  These demands violate principles of proportionality and constitute an invasion of Plaintiff's privacy.  Defendant's counsel did not advance an argument in his status report or during today's conference to demonstrate any need or entitlement to this information.  Further, Defendant's counsel is not permitted to a "sampling" of any of these records and cannot explore them during Plaintiff's deposition.

    - Cell phone records:  The Court is not requiring Plaintiff to produce her cell phone records at this juncture; however, Defendant's counsel is free to explore this area during Plaintiff's deposition.  If Defendant's counsel has a good faith basis to file a motion after conducting Plaintiff's deposition, he may renew this application and the Court would consider reopening Plaintiff's deposition at that time.

5. Further discovery is stayed until a decision is rendered on the motion for conditional certification.

6. Plaintiff's counsel did not answer a discovery inquiry from Defendant's counsel until almost one month later.   Plaintiff's counsel was advised that this is unacceptable and she was put on notice that she has an obligation to promptly respond to discovery inquiries.

7. The Court voiced its concern with Defendant's opposition to Plaintiff's pending motion for conditional certification.   Specifically, the Court was troubled by Defendant's opposition because it relies upon issues of fact, matters which are beyond the Court's review in analyzing such a motion.   The Court gave Defendant's counsel an opportunity to supplement his opposition by raising an argument beyond any factual disputes that were mentioned in his papers.   Counsel was unable to do and reiterated his prior arguments.

8. Although the Court did not raise this with the parties during the conference, counsel are advised to review District Judge Paul Gardephe's decision in *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572 (S.D.N.Y. 2013) regarding the compensation of "on-call" time.

            SO ORDERED.

            /s/ A. Kathleen Tomlinson
            A. KATHLEEN TOMLINSON
            U.S. Magistrate Judge