# BORRELLI & ASSOCIATES
### P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

July 31, 2020

<u>Via ECF</u>
The Honorable Joanna Seybert
United States District Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>*Francessca Gedeon v. ValuCare, Inc.*, Docket No. 2:19-cv-06954-JS-AKT</u>

Dear Judge Seybert:

   We represent the Plaintiff, Francessca Gedeon, in the above-referenced action involving wage violations under the Fair Labor Standards Act and the New York Labor Law against her current employer, Defendant ValuCare, Inc.  We write in opposition to Defendant's letter motion for reconsideration, ECF No. 35, in which Defendant requests that the Court reconsider Judge A. Kathleen Tomlinson's July 9, 2020 Order ("Order"), ECF No. 34, precluding Defendant from conducting discovery into certain information, including precluding the production of Plaintiff's ATM records, banking records, social media account information, and cellphone records.  In sum, because the Order is soundly supported by well-settled law in this Circuit, and is neither clearly erroneous nor an abuse of discretion, the Court should deny Defendant's motion for reconsideration in its entirety as utterly meritless.

   This Court has explained that "when a magistrate judge rules on a non-dispositive matter, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Jenkins v. National Grid USA Service Company, Inc.*, 2019 WL 5693751, at *2 (E.D.N.Y. Sept. 16, 2019) (Seybert, *J*.) (citation and internal punctuation omitted).  "A magistrate decision is clearly erroneous when, after reviewing the entire record, the district court is left with definite and firm conviction that a mistake has been committed." *Id*. (quoting *Feliciano v. Cty. of Suffolk*, 2009 WL 290469, at *1 (E.D.N.Y. Feb. 4, 2009) (Seybert, *J*.)) (internal punctuation omitted).  Indeed, courts in this District have routinely and colorfully held that a challenged decision that is clearly erroneous is not "just maybe or

probably wrong; it must strike [the court] with the force of a five-week-old, unrefrigerated dead fish." *Purisima v. Tiffany Entmn't*, 2013 WL 4500699, at *2 (E.D.N.Y. Aug. 20, 2013); *Aber v. Am. Sec. Ins. Co.*, 2009 WL 10706292, at *2 (E.D.N.Y. July 31, 2009) (same).  Further, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Mil-Spec Industries Corp. v. Precision Ammunition, LLC*, 2017 WL 3530364, at *2 (E.D.N.Y. Aug. 16, 2017) (Seybert, *J.*) (citing *Bachayeva v. Americare Certified Special Servs., Inc*., 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013)).  "The standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Bijoux v. Amerigroup New York, LLC*, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015) (citation omitted).  In line with this deferential approach, the district court should not reject a magistrate judge's finding merely because it would have decided the matter differently in the first instance. *See Mil-Spec Industries Corp*., 2017 WL 3530364, at *2 (Seybert, *J.*).

Defendant's motion seeking Plaintiff's personal cellphone records, records and reports for each credit and/or debit card that Plaintiff used and/or held, records and reports for each ATM transaction that Plaintiff made, and the complete history of Plaintiff's Facebook account, is completely meritless.  There is no doubt that Defendant has failed to meet its "heavy burden" of establishing that the Order was clearly erroneous as the record of this matter firmly establishes that no mistake has been committed.  Similarly, because the Order is based on the well-settled law of this Circuit and this District, Defendant also failed to establish that the Order runs counter to controlling authority.  As such, it can unequivocally be found that Judge Tomlinson did not abuse her discretion.  However, assuming *arguendo* that Defendant has met its burden - - which it has not - - *de novo* review nonetheless requires the Court to deny Defendant's motion as the requests are utterly abusive.

The Federal Rules of Civil Procedure ("Fed. R. Civ. Pro.") are clear that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1), as amended on December 1, 2015.  Further, the "party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013).  Moreover, even if relevant, a court would still be entitled to limit and/or reject a party's requests pursuant to its authority under Rule 26(b)(2) and Rule 26(c). *See, e.g., Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (noting that Rule 26(c) "serves in part to protect parties' privacy interests").  To that end, courts in this Circuit, including Judge Tomlinson, have observed that this "amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering the production of relevant information." *Rodriguez v. NNR Global Logistics USA Inc*., 2016 WL 11673310, at *7, n.1 (E.D.N.Y. Mar. 31, 2016) (Tomlinson, *J.*) (citation omitted).

Cellphone Records: First, Defendant seeks Plaintiff's personal cellphone records from October 2014 to the present in an effort to demonstrate that Plaintiff was not actually working and/or was engaged in personal activities during the hours that she claims that she was working without compensation. However, this justification has been explicitly rejected in *Gonzalez v. Allied Concrete Industries, Inc.*, 2016 WL 4444789, at *4 (E.D.N.Y. Aug. 23, 2016) (Tomlinson, *J.*), in which Defendant's counsel here also represented the defendants there. In *Gonzalez*, similar to the instant matter, defendants sought plaintiffs' cellphone records - - based on nothing more than the general allegations contained in plaintiffs' amended complaint, in which plaintiffs alleged that despite working in excess of forty hours per week, defendants failed to pay them overtime compensation - - in order to reveal whether plaintiffs engaged in personal activities during times that they claimed to have worked on defendants' behalf. *Id.* As the court found in *Gonzalez*, defendants' unsupported theory, in light of plaintiffs' general allegations in the complaint, was entirely too speculative to warrant a wholesale intrusion into the private affairs of plaintiffs in FLSA cases. Accordingly, this request is intrusive and overbroad as it reveals substantial private information that is not possibly relevant to a simple wage and hour matter. Further, as the Order correctly found, there is no good faith basis at this juncture to require Plaintiff to produce even a sampling of her cellphone records given Defendant's lack of *any* evidentiary proffer whatsoever. In *Perry v. The Margolin & Weinreb Law Group LLP*, 2015 WL 4094352 (E.D.N.Y. July 7, 2015) (Tomlinson, *J.*), the court ordered plaintiff to turn over a sampling of her cell phone records, but explicitly based its decision on plaintiff's deposition testimony, during which she testified that she occasionally made personal phone calls at work, and that to the extent these personal phone calls were made from an office telephone, defendants would already have access to those records. *Id.* at *4. While the court in *Perry* ordered plaintiff to produce this sampling, the court further found that plaintiff's cell phone records were only "marginally relevant." *Id.*

Credit and Debit Card Records: Defendant next seeks Plaintiff's records and reports for each credit and/or debit card that she used and/or held from October 2014 to the present, to merely ascertain the accuracy of her allegations or, stated another way, to reveal Plaintiff's whereabouts and activities during the hours that she claims to have been working. However, Plaintiff's credit and debit card records will not determine her personal activities and physical whereabouts as it is undisputed that she was permitted to work her on-call shifts at home. Moreover, credit card statements will reveal only the date of a purchase, not the time of a purchase. In addition to being irrelevant, these documents will reveal Plaintiff's private spending habits and are therefore improper. Given the speculative nature of these documents, and the burden and expense of obtaining nearly six-years' worth of records for every credit and debit card <u>used and/or held</u> by Plaintiff, which arguably encompasses credit and debit cards that may not be in Plaintiff's name but she was authorized to use, these documents are not proportional to Defendant's purported need. *See Perry*, 2015 WL 4094352, at *2-3 (Tomlinson, *J.*) (denying defendants' motion to compel nearly four years' worth of plaintiff's credit card, debit card, and checking account statements, finding the request overbroad and not reasonably calculated to lead to admissible evidence); *Caputi*

3

*v. Topper Realty Corp.*, 2015 WL 893663, at *4 (E.D.N.Y. Feb. 25, 2015) (denying defendants' motion to compel plaintiff's credit and debit card statements, finding while the statements are "arguably relevant," that relevance is outweighed by the intrusiveness of disclosing private information, including plaintiff's personal spending habits). Notwithstanding the law in this District, Defendant cites to a single case, *Fracasse v. People's United Bank*, 2013 WL 6017332 (D. Conn. Nov. 13, 2013), attempting to argue that the Order runs counter to controlling authority. *Fracasse* is obviously not binding on this Court and is easily distinguishable, as the request there was far more limited in scope than Defendant's request here, and the court did not address the intrusive nature of the request given the plaintiff's failure to raise that objection.

ATM Records: Again, just as with the request for Plaintiff's credit and debit card records, Defendant impermissibly seeks Plaintiff's records and reports for each ATM transaction made from October 2014 to the present, to merely ascertain the accuracy of her allegations. At its essence, this request, coupled with the request for Plaintiff's credit and debit card records, asks for essentially every document concerning every single financial transaction that Plaintiff has had within the last nearly six-years - - without limitation - - and, moreover, without offering any evidence as to why Defendant is entitled to Plaintiff's personal financial records or how these records necessarily show Plaintiff's whereabouts. In *Gonzalez*, 2016 WL 4444789, at *3 (Tomlinson, *J.*), the court denied defendants' motion to compel plaintiffs' ATM transaction receipts, finding that there was no good faith basis to believe that discovery of six-years of plaintiffs' ATM transaction receipts was relevant and proportional to the needs of the case, and further distinguished defendants' reliance on *Caputi*, which Defendant's counsel here yet again attempts to rely on in support of a sampling of the requested records. However, in *Caputi*, "the court permitted a sampling of Plaintiff's ATM transactions based exclusively on the evidentiary proffer submitted by counsel that illustrated a good faith basis for the court to conclude that the discovery would lead to relevant evidence." *Gonzalez*, 2016 WL 4444789, at *3. Here, Defendant has absolutely no evidentiary proffer to support its request, thus even a sampling should be denied.

Social Media Account Information: Finally, Defendant seeks the complete history of Plaintiff's Facebook account to again ascertain Plaintiff's activities during her on-call shifts. Notwithstanding Plaintiff's objections to this request, the undersigned diligently reviewed Plaintiff's Facebook account - - which is not public - - and Plaintiff produced two relevant messages from her account that were sent or received during times when Plaintiff may have been performing on-call work for Defendant. Defendant has not demonstrated any good faith basis to warrant a wholesale intrusion into Plaintiff's private Facebook account. *See Caputi*, 2015 WL 893663, at *7 (denying defendants' motion to compel plaintiff's Facebook account information to establish her whereabouts during the relevant time period, finding that defendants have "offered little more than simply their hope that there might have been something of relevance featured on plaintiff's Facebook page over an expansive five-year period.").

4

      Based on the foregoing, this Court should deny Defendant's motion for reconsideration in its entirety.  We thank the Court for its time and attention to this matter.

                                              Respectfully submitted,

                                              Danielle E. Mietus, Esq.
                                                  *For the Firm*

C:      Counsel for Defendant (*via* ECF)