```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FRANCESSCA GEDEON, on behalf of herself,
individually, and on behalf of all others
similarly-situated,

                       Plaintiff,
                                                MEMORANDUM & ORDER
          -against-                             19-CV-6954(JS)(AKT)

VALUCARE, INC.,

                       Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Danielle E. Mietus, Esq.
                   Alexander T. Coleman, Esq.
                   Michael J. Borelli, Esq.
                   Borrelli & Associates, P.L.L.C.
                   910 Franklin Avenue, Suite 200
                   Garden City, New York 11530

For Defendant:     Christopher Keith Collotta, Esq.
                   Saul D. Zabell, Esq.
                   Ryan M. Eden, Esq.
                   Zabell & Associates, P.C.
                   1 Corporate Drive, Suite 103
                   Bohemia, New York 11716
```

SEYBERT, District Judge:

Currently before the Court is Defendant Valucare, Inc.'s ("Defendant") objections to Magistrate Judge A. Kathleen Tomlinson's July 9, 2020 Order denying Defendant's request for Plaintiff Francessca Gedeon's ("Plaintiff") cell phone records, ATM records, banking records, and social media account information "at this juncture" (the "Order"). (Def. Objs., ECF No. 35; Order, ECF No. 34; July 9, 2020 Tr. ("Tr."), ECF No. 37, at 4:19-9:22.) Plaintiff opposes the application. (Pl. Opp., ECF No. 36.) For

the reasons that follow, Defendant's objections are OVERRULED and the Order is AFFIRMED.

## BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the facts underlying this action and recites only those necessary to adjudicate Defendant's objections. Plaintiff, on behalf of herself and others similarly situated, commenced this action against Defendant pursuant to the Fair Labor Standards Act of 1938, among others. Defendant, a home healthcare staffing agency that provides in-home healthcare services, employed Plaintiff as a home health aide coordinator. As relevant here, Plaintiff seeks compensation for twenty-four hour "on call" shifts she worked. According to Defendant, Plaintiff performed "minimal work" during the "on call" shifts and she was paid more than "lawfully required." (Def. Objs. at 2.)

In a July 2, 2020 status report, Defendant advised Judge Tomlinson that it intended to seek an order compelling Plaintiff to produce cell phone records, ATM and bank records, and social media account information that would evidence Plaintiff's physical location and "demonstrate [she] engaged in personal pursuits during the hours she claimed to have worked." (Def. Status Report, ECF No. 32, at 1-2; Pl. Status Report, ECF No. 33.) On July 9, 2020, the parties appeared for a conference before Judge Tomlinson where she determined that Defendant did not assert a "good faith

2

basis" for Plaintiff to produce cell phone records, ATM records, banking records, and social media accounts "at this juncture." (Tr. at 4:19-24, 9:9-15.)  She stated that "there's no indication, and I doubt [Defendant will] have any until the depositions are taken, nothing that puts [the Court] in a position to conclude that these records, first of all, are relevant to the allegations here, or the defenses that are being raised here."  (Id. at 4:42-5:4.)  Judge Tomlinson also deferred on the "issue of any cell phone records . . . [until] after the plaintiff is deposed in this case."  (Id. 5:15-19; see also Order at ¶ 4.)

DISCUSSION

I.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any nondispositive pretrial matter.  See FED. R. CIV. P. 72(a).  The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.  "Under this highly deferential standard of review, a district court may reverse the order only if 'on the entire evidence,' the district court is 'left with the definite and firm conviction that a mistake has been committed.'" Gray v. City of New York, No. 10-CV-3039, 2013 WL 3093345, at *2 (E.D.N.Y. June 18, 2013) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)).  "[A] party seeking to overturn a discovery order

3

bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011).

II. Analysis

Defendant argues there are "significant grounds" to reverse Judge Tomlinson's Order because the records sought are relevant -- and the only means possible -- to determine whether the time Plaintiff spent "on call" is compensable time. As such, Defendant requests that the Court "permit either a sample production or an in-camera review of the [requested] records so as to determine if the documents hold a greater probative value than any prejudice potentially caused to Plaintiff." (Def. Objs. at 4.)

Upon review of Defendant's objections, and Plaintiff's response thereto, as well as the Order and the transcript of the July 9, 2020 conference, the Court is not left "with the definite and firm conviction that a mistake has been committed." Centro De La Comunidad Hispana v. Town of Oyster Bay, 934 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quoting Equal Emp. Opportunity Comm. v. First Wireless Grp., Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)) (additional citation omitted). Nor does the Court find that Judge Tomlinson failed to apply or misapplied any relevant statute or case law, or otherwise abused her discretion. See Centro De La Comunidad, 934 F. Supp. 2d at 139 (additional citations omitted).

4

Indeed, the Court agrees with Judge Tomlinson that Defendant is not entitled to Plaintiff's phone records "at this juncture" because it is "not clear yet" whether cell phone records will disclose information relevant to the asserted claims and defenses. (Tr. at 5:21-6:5.) In any event, as stated by Judge Tomlinson, Defendant may renew its motion "[i]f Defendant's counsel has a good faith basis to file a motion [to compel phone records] after conducting Plaintiff's deposition." (See Order ¶ 4.) As for ATM records, banking records, and social media account information, the Court also agrees that these discovery demands "violate principles of proportionality and constitute an invasion of Plaintiff's privacy." (Id.) The Court concurs that Defendant has not "provided any kind of concrete evidence, [or] even a hint of anything [that] this particular individual was doing other things" while she was "on call." (Tr. at 5:4-6); Caputi v. Topper Realty Corp., No. 14-CV-2634, 2015 WL 893663, at *4 (E.D.N.Y. Feb. 25, 2015) ("Given the ease with which transactions can be accomplished remotely on a laptop or smartphone, the Court is not convinced that Plaintiff's credit and debit card statements will provide sufficiently probative indicators of Plaintiff's activities and whereabouts to outweigh the risk of unnecessarily disclosing non-discoverable private information."). Accordingly, Judge Tomlinson's July 9, 2020 Order was neither clearly erroneous nor contrary to law.

CONCLUSION

For the foregoing reasons, Defendant's objections (ECF No. 36) are OVERRULED and the Order (ECF No. 34) is AFFIRMED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   January __14__, 2021
         Central Islip, New York