# BORRELLI & ASSOCIATES

## ——— P.L.L.C. ———

### www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 27, 2021

<u>Via ECF</u>
The Honorable A. Kathleen Tomlinson
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re:  *Francessca Gedeon v. ValuCare, Inc.; Docket No. 2:19-cv-06954-JS-AKT*

Dear Judge Tomlinson:

  As the Court knows, we represent Plaintiff Francessca Gedeon in the above-referenced action involving wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Defendant ValuCare, Inc.  Pursuant to the Court's Memorandum and Order ("Order") dated March 31, 2021, and entered April 6, 2021, ECF No. 39, this Court granted Plaintiff's motion for conditional certification of an FLSA collective action and, *inter alia*, authorized the distribution of notice to putative collective members by various means.  However, prior to such distribution, the Court directed the parties to meet and confer and submit a revised Court Authorized Notice of Lawsuit ("Notice") by today that includes Defendant's counsel's contact information consistent with what Judge Chen approved in *Jibowu v. Target Corp.*, 2020 WL 7385695, at *4-5 (E.D.N.Y. Dec. 16, 2020).  While we attempted to follow that directive Defendant has other ideas, which have prevented the parties from agreeing on the revision.  Thus, we write concerning that dispute.

  Specifically, the Court's Order expressly directed the parties to review the language contained in the court-approved notice in *Jibowu*, which, as this Court noted in its Order, sets forth language that Judge Chen deemed "unlikely to create confusion, render notice less effective, or implicate concerns of attorney-client privilege."  Thus, the undersigned did as instructed and revised the Notice in this case to practically mirror the language of *Jibowu*, with the only difference being how the language was emphasized. *See* Plaintiff's proposed revised Notice with Defendant's counsel's contact information added on page 4, attached hereto as **Exhibit A**.  I sent this proposal

to Defendant's counsel on April 20, 2021.  However, Defendant has refused to agree to same and instead, besides ignoring the Court's directive, seeks inclusion of language that is indeed likely to create confusion and implicate attorney-client privilege concerns, namely by separately listing Defendant's counsel's contact information before Plaintiff's counsel's while providing same before any language stating do not contact Defendant's counsel should the potential collective member join this lawsuit and, rather than explicitly warning potential collective members not to contact Defendant's counsel if they join, only includes a negligible warning stating that they "may not contact Defendant's attorneys if [they] decide to file a consent to join lawsuit form." Defendant's proposal is attached hereto as **Exhibit B**.

We request that the Court resolve this dispute by approving Plaintiff's proposed Notice. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Danielle E. Mietus, Esq.
*For the Firm*

C:      Counsel for Defendant (*via* ECF)

2