UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCESSCA GEDEON, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>– against –<br><br>VALUCARE, INC.,<br><br>Defendant. | Case No.: 19-CV-6954 (JS) (JMW) |

## DEFENDANT'S PROPOSED VERDICT SHEET

## WAGE NOTICE CLAIM

1. Did Defendant give Plaintiff written notice of his rate of pay, how she is to be paid, her regular payday, official name of the employer and any other names the business uses, the address and phone number of the main office, and any allowances taken as part of the minimum wage?

    YES _____    NO _____

    If you answered YES to this Question, proceed to the following Question. If you answered NO to this question, please skip ahead to Question 3.

2. For how many days did Plaintiff work without being provided with a notice of her rate of pay, how she is to be paid, the regular payday, official name of the employer and any other names the business uses, the address and phone number of the main office, and any allowances taken as part of the minimum wage?

    _____ (Maximum 100 days)

## WAGE STATEMENT CLAIM

3. Did Defendant provide Plaintiff with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages?

YES _____     NO _____

If you answered YES to this Question, proceed to the following Question. If you answered NO to this question, please skip ahead to Question 5.

4.    For how many days did Plaintiff work without being provided with a statement with offsetting forth the following:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages?

_____ (Maximum 20 days)

## MINIMUM WAGE CLAIMS

5.    How many hours did Plaintiff work, on average, for each work week in each of the following years:

2014: _____
2015: _____
2016: _____
2017: _____
2018: _____
2019: _____
2020: _____

6.    Did Plaintiff's prove by a preponderance of the evidence that her compensation fell below the amount she was required to be paid by law in each of the following years?

2014: YES _____     NO _____
2015: YES _____     NO _____
2016: YES _____     NO _____
2017: YES _____     NO _____
2018: YES _____     NO _____
2019: YES _____     NO _____
2020: YES _____     NO _____

If you answered NO to each year, you may skip to Question 8. If you Answered YES, proceed to the next question.

7. If you answered YES to Question 6, for how many hours did Plaintiff prove by a preponderance of the evidence that Defendant failed to pay her for in each of the following years?

   2014: _____
   2015: _____
   2016: _____
   2017: _____
   2018: _____
   2019: _____
   2020: _____

## OVERTIME CLAIMS

8. Did Plaintiff prove by a preponderance of the evidence that she was not paid overtime for all hours worked over 40 in any workweek in any of the following years?

   2014: YES _____   NO ____
   2015: YES _____   NO ____
   2016: YES _____   NO ____
   2017: YES _____   NO ____
   2018: YES _____   NO ____
   2019: YES _____   NO ____
   2020: YES _____   NO ____

   If you answered NO to each year, you may skip to Question 11. If you Answered YES, proceed to the next question.

9. If you answered YES to Question 8, how many total overtime hours did Plaintiff prove by a preponderance of the evidence that Defendant failed to pay her for in each of the following years? In answering this question, you must add all overtime hours worked by Plaintiff in that calendar year for which she did not receive compensation. If you find Plaintiff was compensated for any overtime hours, they should not be included in your calculation.

   2014: _____
   2015: _____
   2016: _____
   2017: _____
   2018: _____
   2019: _____
   2020: _____

3

10.    If you answered YES to Question 8, was Defendant willful in its failure to pay Plaintiff overtime wages?

YES _____     NO _____

## SPREAD OF HOURS CLAIM

11.    Did Plaintiff prove by a preponderance of the evidence that she was eligible to receive spread of hours pay in any workweek in any of the following years?

2014: YES _____     NO _____
2015: YES _____     NO _____
2016: YES _____     NO _____
2017: YES _____     NO _____
2018: YES _____     NO _____
2019: YES _____     NO _____
2020: YES _____     NO _____

If you answered NO to each year, you may skip to Question 14. If you Answered YES, proceed to the next question.

12.    Did Plaintiff prove that she was compensated in such a matter that she was denied spread of hours pay in any workweek in any of the following years?

2014: YES _____     NO _____
2015: YES _____     NO _____
2016: YES _____     NO _____
2017: YES _____     NO _____
2018: YES _____     NO _____
2019: YES _____     NO _____
2020: YES _____     NO _____

If you answered NO to each year, you may skip to Question 14. If you Answered YES, proceed to the next question.

13.    If you answered YES to Question 12, how many total days did Plaintiff prove by a preponderance of the evidence that Defendant failed to pay her for spread of hours pay in each of the following years?

2014: _____
2015: _____
2016: _____

2017: _____
2018: _____
2019: _____
2020: _____

## RETALIATION CLAIMS

14.   Did Plaintiff by a preponderance of the evidence that she engaged in an activity protected by the FLSA when she advised Defendant of her desire not to perform on-call shifts on Sundays?

    YES _____    NO _____

15.   Did Plaintiff prove by a preponderance of the evidence that she engaged in an activity or activities protected by the New York Labor Law when she advised Defendant of her desire not to perform on-call shifts on Sundays?

    YES _____    NO _____

    If you Answered No to Questions 14 and 15, you may skip the remaining questions and return to the Courtroom. If you answered Yes to either Question 14 or 15, please proceed to the next question.

16.   Did Plaintiff prove by a preponderance of the evidence that she suffered an adverse employment action when she was suspended on March 20, 2019?

    YES _____    NO _____

    If you Answered NO to Question 16, you may skip the remaining questions and return to the Courtroom. If you Answered YES to Question 16, proceed to the following question.

17.   Did Plaintiff prove by a preponderance of the evidence that her suspension was causally connected to her representation that she no longer wished to perform on-call shifts on Sundays?

    YES _____    NO _____

    If you Answered NO to Question 17, you may skip the remaining questions and return to the Courtroom. If you Answered YES to Question 17, proceed to the following question.

18.   Did Defendant prove by a preponderance of the evidence that it suspended Plaintiff on March 20, 2019 for legitimate, non-retaliatory reasons?

5

YES _____    NO _____

If you Answered YES to Question 18, you may skip the remaining questions and return to the Courtroom. If you Answered NO to Question 18, proceed to the following question.

19.    Did Plaintiff prove by a preponderance of the evidence that she suffered damages as a result of Defendant's retaliation?

YES _____    NO _____

If you Answered NO to Question 19, you may skip the remaining questions and return to the Courtroom. If you Answered YES to Question 19, proceed to the following question.

20.    How much money, if any, did Plaintiff prove by a preponderance of the evidence that she is entitled to as backpay damages as a result of Defendant's retaliation?

_____

21.    How much money, if any, did Plaintiff prove by a preponderance of the evidence that she is entitled to as emotional damages as a result of Defendant's retaliation?

_____