# BORRELLI & ASSOCIATES
## — P.L.L.C. —
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 17, 2023

<u>*Via Electronic Case Filing*</u>
The Honorable James M. Wicks
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:     *Gedeon v. Valucare, Inc.,*
               <u>*Case No.: 2:19-cv-06954-JMW*</u>

Dear Judge Wicks:

As this Court is aware, this firm represents the Plaintiff, Francessca Gedeon, in the above-referenced action involving wage violations under the Fair Labor Standards Act and the New York Labor Law against her current employer, Defendant Valucare, Inc.  We write pursuant to this Court's March 13, 2023 Order (ECF 57), to request a ruling that Plaintiff's proposed witness, Reginald Villier, may be treated as an adverse witness and asked leading questions, pursuant to Federal Rules of Evidence ("F.R.E.") 611(c)(2), in anticipation of calling him to testify on Plaintiff's case-in-chief during the trial in this matter currently scheduled to begin on March 27, 2023.

In determining whether a witness is adverse and may be asked leading questions during a direct examination, pursuant to F.R.E. 611(c)(2), it is well established that courts in this Circuit generally consider whether: (1) the witness actively witnessed the critical events at issue in the case; (2) the witness played a role in actions taken by the opposing party related to the claims at issue; and (3) the witness was previously named as an opposing party in the case. *See McLeod v Llano*, 2021 WL 1669732 *8 (E.D.N.Y. Mar. 12, 2019) (granting plaintiff's pretrial motion to treat an individual as an adverse witness in an excessive force case, where the individual witnessed the force used against plaintiff, was a named-defendant's employee and had been previously named as a defendant in the case, and the individual had previously given inconsistent testimony that

favored the defendant); *Gogol v. City of New York*, 2018 WL 4616047 at \*1 (S.D.N.Y. Sept. 26, 2018) (denying plaintiff's request to treat an individual as an adverse witness because the individual had never been named as a defendant and did not witness the events that were the subject of plaintiff's lawsuit); *see also* Fed. R. Evid. 611(c)(2).

Here, Mr. Villier actively witnessed critical events relevant to Plaintiff's claims in his role as one of her supervisors, had authority over her work schedule and wages on behalf of Defendant, and testified as the Defendant's corporate representative at deposition. *See* Exhibit A, excerpts of the Reginald Villier Deposition; Exhibit B, Defendant's Response to Interrogatories, Response No. 5.

Thus, this Court should grant Plaintiff's application to treat Mr. Villier as an adverse witness and ask him leading questions during his direct examination, if called on Plaintiff's case-in-chief at trial, pursuant to F.R.E. 611(c)(2).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Andrew C. Weiss, Esq.
*For the Firm*

C: All parties via ECF

2